UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

GARY LEGORE,

    Plaintiff

v.

BAY STATE MILLING COMPANY,
a foreign profit corporation,

    Defendant.
_____/

## COMPLAINT

COMES NOW, the Plaintiff, GARY LEGORE, [hereinafter referred to as "LEGORE"] by and through his by and through his undersigned attorney, and hereby files this amended complaint against Defendant, BAY STATE MILLING COMPANY [hereinafter referred to as "BAY STATE"] and as grounds therefore alleges as follows:

### JURISDICTION, PARTIES AND VENUE

1. This matter in controversy concerns violation of Florida Civil Rights Act, Fla.Stat §760, et.seq. ["FCRA"], failure to hire.

2. This is an action for damages and is brought pursuant to the Florida Civil Rights Act, Fla.Stat §760, et.seq. ["FCRA"]

3. This court has original jurisdiction over this matter insofar as the matter involves a federal question, namely violation of Florida Civil Rights Act of 1992 (FCRA), Fla. Stat. §760.10.

4. At all times material hereto, Plaintiff maintained a residence in Maryland and in Florida.

5. Defendant, BAY STATE is a foreign profit corporation with a principal address of 100 Congress Street, 2nd Floor, Quincy, Massachusetts 02169 with a facility in Martin County, Florida.

6. Martin County, Florida is proper venue for this action in that the subject matter of this action occurred there, namely Plaintiff applied for a position with the Defendant to work in Martin County, Florida.

7. Plaintiff is an employee as that term is defined under the Florida Civil Rights Act, Fla.Stat §760, et.seq. ["FCRA"].

8. Defendant is an employer as that term is defined under the Florida Civil Rights Act, Fla.Stat §760, et.seq. ["FCRA"].

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

9. Plaintiff contends that he has exhausted all administrative remedies, prior to the filing of this action.

10. In particular, Plaintiff on or about January 2011, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission, as well as with the Florida Commission on Human Relations. **(See a true and correct copy of the Letter of Determination dated April 23, 2012 attached hereto as Exhibit "A")**

11. It has been more than one-hundred eighty (180) days since the filing of Plaintiff's Charge of Discrimination.

12. The Florida Commission on Human Relations has not made any determinations as it relates to Plaintiff's charge.

## **COMMON ALLEGATIONS**

13. Bay State Milling owns and operates a flour mill facility located in Indiantown, Florida.

14. Bay State Milling posted on its website a vacancy for a Miller-Milling Experience for the Indiantown, Florida location.

15. The job duties of the position included supervision hourly plant employees as it relates to regulatory and manufacturing practices, training for safety, operational procedures and manufacturing procedures.

16. On or about January 10, 2011, Plaintiff sent a copy of his resume to William Raiola, the Indiantown Plant Manager.

17. On or about January 11, 2011, Plaintiff contacted Mr. Raiola to discuss the vacancy and arrange a time for an interview.

18. During this call Plaintiff also advised Mr. Raiola that he had more than twenty (20) years of experience in the milling industry.

19. In response, Mr. Raiola stated "I don't want to waste your time," "I am looking for a younger man with maybe two years experience." Someone he could "groom for a plant manager job down the line and for the future".

20. He further responded that Plaintiff would not be considered for the position.

21. Plaintiff is a fifty four (54) year old man who was previously employed as a Miller in the Bay State Milling facility in Clifton, New Jersey.

22. In response Plaintiff asked Mr. Raiola to repeat himself and when he reiterated the same, the conversation ended.

23. While previously employed with Bay State, Plaintiff performed his duties and responsibilities in an exemplary manner and was a well-regarded employee.
24. After his conversation with Mr. Raiola, Plaintiff contacted Human Resources to apprise them of Mr. Railoa's discriminatory comments.
25. Human Resources admitted that Mr. Raiola wanted a "younger" person for the Miller position, however Mr. Raiola was not referring to age but rather years of experience.
26. Further, Bay State deemed Plaintiff as overqualified for the position due to his experience.
27. On or about April 15, 2011, Bay State Milling filled the Indiantown, Florida position with a twenty-three (23) year old with little experience.
28. As a result of Defendant's discriminatory practice, Plaintiff has suffered and will continue to suffer damages.

### COUNT I – AGE DISCRIMINATION, IN VIOLATION OF FLORIDA CIVIL RIGHTS ACT 760 FAILURE TO HIRE

Plaintiff LEGORE realleges and references each and every allegation contained in the preceding paragraphs 1 through 28, and incorporates the same as if set forth fully herein.

29. This is an action for damages as a result of discriminatory treatment and failure to hire brought pursuant to the Florida Civil Rights Act of 1992 (FCRA), Fla. Stat. §760.10.
30. By and through its agents, supervisors and employees, Defendant engaged in and otherwise permitted a pattern and practice of unlawful age discrimination on

the basis of his age.

31. By and through its agents, supervisors and employees, Defendant engaged in and otherwise permitted a pattern and practice of unlawful age discrimination by failing to re-hire Plaintiff.

32. As a result of the aforementioned conduct as alleged in this Count, Defendant violated the FCRA.

33. As a result of the aforementioned conduct and treatment of Plaintiff LEGORE, he has sustained a loss of earnings and other damages.

34. As a result of the aforementioned actions of Defendant, Plaintiff LEGORE has suffered severe emotional distress.

35. Defendant has failed to comply with its statutory duty to take all reasonable and necessary steps to eliminate discrimination from the work place and to prevent it from occurring.

36. As a direct and proximate result of Defendant's, willful, knowing and intentional discrimination, Plaintiff LEGORE has suffered and will continue to suffer pain and suffering, extreme and severe emotional distress and mental anguish; Plaintiff LEGORE has suffered and will continue to suffer a loss of earnings and other employment related benefits and job opportunities.  As a result, Plaintiff LEGORE is thereby entitled to general and compensatory damages as well as punitive damages in an amount to be proven at trial.

37. As a further direct and proximate result of the Defendant's violations as herein described, Plaintiff LEGORE has been compelled to retain the services of the undersigned law firm.  Plaintiff LEGORE has incurred and will continue to incur

reasonable attorney's fees and costs.  Plaintiff requests that his attorney's fees be awarded pursuant to Fla. State §760.11(6).

WHEREFORE, Plaintiff prays that judgment be entered in his favor against the Defendant as follows: That Plaintiff LEGORE be awarded general and compensatory damages and reinstatement, front pay and back pay, and prejudgment interest and punitive damages; that Plaintiff LEGORE be awarded reasonable attorney's fees and costs pursuant to Florida Statute §760.11(6); that Plaintiff LEGORE be awarded such other relief as the Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury for all matters so triable.

Dated this 25 day of January 2013.

_____
Cathleen Scott, Esq.
Florida Bar No. 135331
Primary e-mail: CScott@floridalaborlawyer.com
Secondary e-mail: mail@floridalaborlawyer.com
Lindsey Wagner, Esq.
Florida Bar No. 86831
Primary e-mail: LWagner@csapalaw.com
Secondary e-mail: mail@floridalaborlawyer.com
CATHLEEN SCOTT & ASSOCIATES, P.A.
Jupiter Gardens
250 South Central Boulevard
Suite 104-A
Jupiter, FL 33458
Telephone:   (561) 653-0008
Facsimile:    (561) 653-0020
Secondary Address:  101 Northpoint Parkway
West Palm Beach, FL 33407
www.FloridaLaborLawyer.com